R. G. CAMPBELL, Ex'r, *v.* MORRIS BROWDER.

MARRIED WOMAN. *Minors. Power to make a will.* A married woman under twenty-one years of age cannot dispose of real estate by will.

FROM TIPTON.

Appeal in error from the Circuit Court of Tipton county. T. J. FLIPPIN, J.

THOS. STEELE for Campbell.

BATE & SMITHEAL for Browder.

Campbell *v.* Browder.

FREEMAN, J., delivered the opinion of the court.

The only question presented in this case is, whether a married woman under the age of twenty one years can make a will by which she disposes of real estate. Infants at the age of twelve if females, and fourteen if males, might, by the common law, make a valid will of personal estate. Under the English statute of wills, 34 and 35 Henry VIII., ch. 5, sec. 14, persons under the age of twenty-one years were restrained from disposing of their real estate. This was also the rule of the common law, and is very generally adopted in the statutes of the several States of this country. See Jarmon on Wills, 2 Am. ed., by Perkins, p. 28. This seems to be conceded by counsel in the argument furnished us, but it is maintained that by the act of 1869–70, Code, 2486*a et seq.*, and especially by the proviso to the 6th section of said act, such power is conferred. We do not so understand the purpose of said act. The section referred to is somewhat involved in obscurity. It is as follows: "The provisions of this act, except the provisions of the third section of this act, shall apply to and embrace only such *femes covert*, or married women, as have abandoned their husbands, or who may refuse to live with or cohabit with their husbands, or whose husbands may be *non compos mentis*, insane or of unsound mind; and also, to such married women or *femes covert* whose husbands may fail or refuse to cohabit with, or have abandoned such married women or *femes covert; Provided*, that all married women or

16—VOL. 7.

---

Campbell *v.* Browder.

---

*femes covert* owning any land or real estate of any kind or description, legal or equitable, in this State, by descent, inheritance, deed, gift, or otherwise, shall have full power and authority to dispose of such land or real estate by last will and testament, in as full, ample and complete a manner as if they were *femes sole* or unmarried women; but such testamentary disposition of said land or real estate shall not be so construed as to defeat any husband's tenancy by the courtesy in such real estate or land." We need not undertake to say affirmatively what all this does mean, but we are clearly of the opinion that it does not intend, nor does it purport to change the time when the married woman is entitled by law to make a will. It was intended only to relieve from the disability of coverture in the cases provided for, but not from the disability of infancy. That is not even referred to in the proviso; on the contrary, by the first section of the act, it is expressly recognized that a married woman, in order to dispose of her property, shall be over the age of twenty-one.

The circuit judge so held, and we affirm his judgment.